IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL DEWAYNE ANDERSON<br>#156270 | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. 2:21-cv-259-ECM-SMD |
| ALABAMA BAR ASSOCIATION, *et al.*, | )<br>)<br>) | [WO] |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro Se Plaintiff Michael Dewayne Anderson, an inmate currently incarcerated at the Red Eagle Honor Farm, brings this action under 42 U.S.C. § 1983. (Doc. 1). Plaintiff challenges the constitutionality of his state murder conviction in the Circuit Court of Mobile County, Alabama, along with several state and federal post-conviction proceedings. He also references a complaint he filed with the Alabama Ethics Commission against the Circuit Judge who presided over his state Rule 32 petition and a complaint he filed with the Alabama Bar Association against the attorney who represented him at his arraignment. *Id.* at 1–3. Finally, Plaintiff seeks the production of documents related to these proceedings and complaints. *Id.* at 4.

Under 42 U.S.C. § 1983, an action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may

otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). A district court may transfer a civil action to any other district where the action could have been brought if doing so would be in the interest of justice. 28 U.S.C. § 1404(a); *see also* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.

Here, Plaintiff's conviction and the majority of the challenged proceedings occurred in the United States District Court for the Southern District of Alabama. The majority of the requested documents and the persons against whom Plaintiff seeks to recover are also located in the Southern District of Alabama. Moreover, the Ethics Commission and Alabama Bar Association are subject to compliance with any order issued by a federal court in this State. Accordingly, it is clear that the majority of witnesses and evidence associated with Plaintiff's claims reside or are located in the Southern District of Alabama. The undersigned therefore finds that, in the interest of justice and for the convenience of the parties, this case should be transferred to that District.

\*   \*   \*

For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be transferred to the United States District Court for the Southern District of Alabama.[1] It is further ORDERED that the parties shall file any objections to this recommendation on or before **May 18, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous,

---

[1] In transferring this case, the Court makes no determination as to the merits of Plaintiff's claims. Neither does the Court consider Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2).

conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 4th day of May, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE