# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

Michael Dewayne Anderson
Name under which you were convicted

#156270
Your prison number

vs.

CIVIL ACTION NO.  21-0253-TFM-N
(To be supplied by Clerk of Court)

Mobile County District & Circuit Court, Et. Al.,
Name of Defendant(s) See Attached Sheets,

Red Eagle Work Center, 1290 Red Eagle Rd, Montgomery, Alabama-36110
Place of Confinement and Address

### INSTRUCTIONS - READ CAREFULLY

A. <u>Complaint Form</u>. You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury</u>.

B. <u>Proper Court</u>. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. <u>Separate Case</u>. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. <u>Defendants</u>. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 12/1/2020

E. Pleading the Complaint. Your complaint should not contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a short and plain statement of your claim and shall provide fair notice to each defendant of the claim against that defendant and of the factual grounds upon which the claim rests.

F. Fees. This complaint cannot be properly filed unless it is accompanied by the $402.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. Form of Pleadings. All pleadings and other papers filed must be on 8 1/2" x 11" paper, legibly handwritten or typewritten. Every document filed after the complaint must have the style of the case and the docket number. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading will be stricken. See Fed. R. Civ. P. 11(a). No notary is required.

H. Certificate of Service. Each pleading filed after the complaint must contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading will be stricken if it does not contain this certificate of service. See Fed. R. Civ. P. 5.

I. Copies. This Court will not make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. Form of Pleadings. Do not write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. No Evidence. No evidence shall be sent to the Court for filing or storing.

I. **PREVIOUS LAWSUITS.**

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:
    Yes ( )    No (✓)

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:
    Yes ( )    No (✓)

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

    1. Parties to this previous lawsuit:

Plaintiffs: __N/A__

Defendants: __N/A__

    2. Court (if federal court, name the district; if state court, name the county): __N/A__

    3. Docket Number: __N/A__

    4. Were you granted the opportunity to proceed without payment of filing fees?
    Yes ( )  No ( )

    5. Name of judge to whom the case was assigned: __N/A__

    6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

__N/A__

    7. Approximate date of filing lawsuit: __N/A__

    8. Approximate date of ruling by court: __N/A__

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: ___N/A___

B. Date it occurred: ___N/A___

C. Is there a prisoner grievance procedure in this institution? ___N/A___

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes ( )    No ( )

E. If your answer is YES:

   1. What steps did you take? ___N/A___

   2. What was the result? ___N/A___

F. If your answer is NO, explain why not: ___N/A___

G. Your claim (briefly explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

___See Attached Sheets;___

### III. PARTIES.

A. <u>Plaintiff</u> (Your name/AIS): Michael Dewayne Anderson #156270

   Your present address: Red Eagle Work Center, 1290 Red Eagle Rd, Montgomery, AL 36110

B. <u>Defendant(s)</u>:

1. Defendant (full name) See Attached Sheets is employed as _____ at _____.

   His/her present address is See Attached Sheets: _____.

   (a) Claim against this defendant: _____

   (b) Supporting facts (Include date/location of incident): _____

2. Defendant (full name) See Attached Sheets; is employed as _____

   at _____.

   His/her present address is See Attached Sheets; _____.

   (a) Claim against this defendant: _____

   (b) Supporting facts (Include date/location of incident): _____

3. Defendant (full name) See Attached Sheets; is employed as _____

   at _____.

   His/her present address is See Attached Sheets; _____.

5

(a) Claim against this defendant: _____

_____.

(b) Supporting facts (Include date/location of incident):

_____

_____

_____

_____

C. <u>Additional Defendants</u>: (If there are additional defendants, you may list them on separate pages using the same outline above). _See Attached Sheets;_

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: _Mobile County Alabama_

_____.

2. When were you convicted? _March 5, 1997_

3. What is the term of your sentence? _Life_

4. When did you start serving this sentence? _February 19, 1997_

5. Do you have any other convictions which form the basis of a future sentence?
   Yes ( )    No (✓)

If so, complete the following:

(a) Date of conviction: _N/A_

(b) Term of sentence: _N/A_

6. What is your expected end of sentence (E.O.S.) date? _N/A_

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|            | Conviction    | Sentence      |
|------------|---------------|---------------|
| Reversed   | yes( ) no(✓)  | yes( ) no(✓)  |
| Expunged   | yes( ) no(✓)  | yes( ) no(✓)  |
| Invalidated| yes( ) no(✓)  | yes( ) no(✓)  |

6

Writ of habeas  yes( ) no(✓)       yes( ) no(✓)
corpus granted

C. If you answered yes to any of the questions, state the Court or entity that relieved you from your conviction or sentence and the date: ___N/A___

**V.** State <u>briefly</u> exactly what you want the Court to do for you if you win (make no legal argument, cite no cases or statutes):

Supply all documents Requested, and I will proceed from their.

**VI. AFFIRMATION.** By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct.

6-22-21
Date

Michael W. Anderson
(Signature of Plaintiff Under Penalty of Perjury)

Red Eagle Work Center, 1290 Red Eagle Rd.
Current Mailing Address

Montgomery, Alabama-36110

N/A
Telephone Number

PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC.  FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.

Case 1:21-cv-00253-TFM-N   Document 7   Filed 06/28/21   Page 8 of 12   PageID #: 12

IN The United States District Court For The Southern District Of Alabama

Michael Dewayne Anderson, #156270
    Plaintiff,

Vs.

Mobile County District And Circuit Court,
Mobile County District Attorney Office,
Alabama Criminal Appeals And Supreme Court,
Southern District Court Of Alabama,
Alabama Ethic Commission,
Alabama Bar Association,
    Defendants,

Civil Action No. #21-0253-TFM-N

## §1983-Civil Action For Production Of Documents

**A.** Comes Now the Plaintiff Michael Dewayne Anderson #156270, And moves this Honorable Court Pursuant to this §1983-Civil Action For Production Of Documents, And shows the following Reasons why this Civil Action should issue;

(1): The Plaintiff Michael Dewayne Anderson #156270 was convicted of murder on February 19, 1997, and was then taken into custody of the Mobile County Metro-Jail. Plaintiff has since then pursued court documents which was used in his Prejudicial Court trial by a Judge which was known as a "Hanging Judge-(Douglas I. Johnstone) for Black Men that appeared before him.

(2): On October 3, 1996, an Arrienment was said to have occured with the Attorney Arthur P. Clarke being appointed Counsel for Plaintiff, and said that Sidney Harrell stood in for Arthur P. Clarke, but some documents shows Arthur P. Clarke in Court. The Plaintiff was Never brought to Court, but documents say a letter was sent.

(3): On October 11, 1996 and February 14, 1997, Arthur P. Clarke filed a Motion for Continuance because he was not Prepared or had he Subpoenaed a single witness, but the trial Judge demanded that a trial would proceed Regardless.

(4): On May 6, 1997, Edward L.D. Smith was appointed for the purpose of Appeal, which stated that the issue of Ineffective Assistance of Counsel was "Germane" for Appeal, but he Never filed the issue.

1.

(5): On September 11, 1998, the plaintiff was given an evidentiary hearing in Mobile County Circuit Court in front of the most racist judge that was in retirement, (Robert E. Key), and he refused to rule against Douglas I. Johnstone because he was nominated a seat on the Supreme Court of Alabama. These were two white judges that automatically sentenced most black men to life and life without parole, and lot's of the black men went to death row.

(6): On August 23, 1999, the Court of Criminal Appeals affirmed the plaintiff's brief on appeal, and October 13, 1999 over-ruled plaintiff's rehearing with Judge Douglas I. Johnstone's name on the petition of the Supreme Court.

(7): On March 8, 2000, the plaintiff filed a §2254 Habeas Corpus in the Southern District of Alabama- (Anderson-v-Jones), which contained all factual evidence of ineffective assistance of counsel, racial bias, discrimination, and obstruction of justice by white judges which made history in Mobile County Alabama for their punishments of black men in which appeared before them looking for justice.

(8): In 2010, the plaintiff filed a Rule-32-Petition on the fact that he never appeared at the arraignment that was held on October 3, 1996, and the Court of Criminal Appeals remanded the case back to the Mobile County Circuit Court for a hearing on this fact. The court record shows that Arthur P. Clarke was in court, but it also states that attorney Sidney Harrell stood in for Arthur Clarke. The plaintiff was never in court for arraignment, did not meet Sidney Harrell or Arthur Clarke, but Judge Michael A. Youngpeter believed Sidney Harrell over the facts shown in court documents presented at the hearing. Sidney Harrell gave the wrong dates he represented the plaintiff on, and these facts were presented to the Alabama Bar Association.

(9): The plaintiff filed a complaint with the Ethic Commission for violations of Ethics on Judge Michael A. Youngpeter, because he knew that Sidney Harrell had committed perjury at the hearing which would have rendered the plaintiff's conviction null and void. The Ethic Commission sided with another racial white judge that neglected the truth of another black man that only wanted fair justice, something that is so hard to achieve by black men that follow the Rules of Court and law for justice. Black men seem to have no constitutional rights in Alabama court system, but we will not stop fighting.

(10): In 2012, the plaintiff filed a complaint to the Alabama Bar Association about attorney Sidney Harrell committing perjury before the Mobile County Circuit Court at the hearing held on July 12, 2012, and although he answered the complaint, the Bar Association did nothing about the perjury.

2.

(11): In April 2019, the Plaintiff filed another Rule-32-Petition from some newly discovered evidence he obtained from witnesses which were afraid to come forward with information during the coarse of the trial. The plaintiff wrote the Circuit and District Court of Mobile County for the Revocation Hearing Transcript which was held on December 4, 1995, I believe the case number is (DC-95-7058), but both courts refuse the plaintiff this record. This record would help varify the truth obtained in one of the affidavits received, but this racist Judge Michael A. Youngpeter threatened to delete the plaintiff's file if he sent anymore filings in the court.

B.   The Plaintiff is a Indigent Petitioner that is seeking documents and information pertaining to his own case for relief from his conviction and sentence, and this information is public record that should be made available to him. The Plaintiff has served 24-years on his life sentance, and the Injustice from these state agencies amount to racism, slavery, discrimination and hate for a Black Man attempting to obtain his "Freedom." The Plaintiff is in need of all documents, papers, transcripts, discovery and information for the sake of filing a Civil Rico Action in the Federal Court, because this conspiracy is an ongoing occurance from one state agency to the next. All actions outline in A-1-thru-11 has been outlined on Subpoena forms attached to this petition, these records, documents, briefs, transcripts and papers will help to further the Plaintiff's litigation in pearsuit of Justice.

The Plaintiff is reminded of a saying that was held in <u>Dowdell-v-State</u>, 854 So.2d. 1195, 1198 (Ala. Crim. App. 2002) when Judge Shaw stated:

A criminal trial is not a lottery, a spin of the roulette wheel, or throw of the dice. The orderly processing of cases through the court is an important value, but it's not the end itself. It is the "Only" method by which we attempt to achieve the ultimate purpose of the criminal justice system. The fair conviction of the guilty, and the protection of the innocent, that is what our Constitutional Guarantee's are all about. Our system fails everytime an innocent person is convicted, no matter how maticulously the procedural requirements governing criminal trials are followed.

3.

C.            IN CONCLUSION

This Court is no "Stranger" to the Obstruction of Justice, Conspiricies, In Justices and Cruel and Unusual Punishments that Black Men face in the Prejudicial Courts of Alabama. You only have to look at the number of Black Men in the Alabama Prison System which the United States of America filed suit on December 9, 2020. The Plaintiff needs all of these Documents set out in, A-1-thru-11, and whats set out on the Request for Document Forms attached to this petition.

Done this 14th day of December 2020;

Respectfully Submitted,
Michael D. Anderson
Michael D. Anderson

CERTIFICATE OF SERVICE

I hereby certify that a copy of the same has been served on all interested parties, by placing them in the United States mail, and addressed to the following;

Mobile County District And Circuit Court
205 Government Street
Mobile, Alabama - 36644-2927

Alabama Criminal Appeals And Supreme Court
300 Dexter Avenue
Montgomery, Alabama - 36104

Southern District of Alabama
113 St. Joseph Street
Mobile, Alabama - 36602

Alabama Bar Association
415 Dexter Avenue
P.O. Box 671
Montgomery, Alabama - 36101-0671

Alabama Ethic Commission
100 N. Union Street
P.O. Box 4840
Montgomery, Alabama - 36130-4840

Mobile County District Attorney's Office
P.O. Box 2841
Mobile, Alabama - 36652-2841

Respectfully Submitted,
Michael D. Anderson

Done this 14th day of December 2020;

Mr. Michael D. Anderson #156270
Red Eagle Work Center
1290 Red Eagle Rd.
Montgomery, Alabama-36110



Clerk of United States
Southern District of Alabama
155 St. Joseph Street
Mobile, Alabama-36602