IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL DEWAYNE ANDERSON, #156270,** | : |
| Plaintiff, | : |
| vs. | :   CIVIL ACTION 21-0253-TFM-N |
| **MOBILE COUNTY DISTRICT AND CIRCUIT COURT,** *et al.,* | : |
| | : |
| Defendants. | |

## REPORT AND RECOMMENDATION

Plaintiff Michael Dewayne Anderson, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with an application to proceed without prepayment of fees and affidavit, while an Alabama prison inmate.[1] (Docs. 1, 2). Upon review of this action and Anderson's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Anderson is barred from proceeding *in forma pauperis* and did not pay the $402 filing and administrative fees when he filed this action.

**I. Section 1915(g) and Anderson's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or

---

[1] This action has been referred to the undersigned for appropriate action pursuant to the order of United States District Court Judge Terry F. Moorer (Doc. 10, PageID.30), 28 U.S.C. § 636(b)(1)(B), and S.D. Ala. GenLR 72(a)(2)(R).

> appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when his next action is filed. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16 (2007).

When Anderson filed this action with the United States District Court for the Middle District of Alabama, he did not pay the filing and administrative fees of $402 but instead sought leave to proceed *in forma pauperis.* (Docs. 1, 2). His action was transferred to this Court without a ruling on the *in forma pauperis* request. (Docs. 3, 4). Upon receipt of his action, this Court ordered that he file his action and *in forma pauperis* request on its forms, which he did. (Docs. 6, 7, 8).

Because Anderson sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his amended complaint. (Doc. 7). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed

the records of the United States District Courts for the Southern, Middle, and Northern Districts of Alabama to determine if Anderson has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  From these dockets, the Court discovered that Anderson has had at least three actions and appeals dismissed for one of the foregoing reasons, namely,[2] *Anderson v. Ferrell*, CA 02-0661-BH-C (S.D. Ala. 2003) (failure to state a claim); *Anderson v. Thomas*, CA 03-0250-CB-D (S.D. Ala. 2004) (failure to state a claim); *Anderson v. Mobile Register*, CA 03-0831-WS-B (S.D. Ala. 2005) (frivolous); and *Anderson v. Myers*, CA 99-00487-HDB-PWG (N.D. Ala. 2000) (failure to state a claim).  Thus, the present action comes within the scope of 28 U.S.C. § 1915(g).  As a consequence, the present action is due to be dismissed unless Anderson can satisfy § 1915(g)'s exception.

## II. Section 1915(g)'s Exception.

Section 1915(g)'s exception requires that at the time of the complaint's filing, Anderson show that he was "under imminent danger of serious physical injury." *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (the imminent danger of serious physical injury must exist at the time the complaint is filed, not at a prior time); *Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.  *See Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001).

To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished). Anderson has not shown that he was experiencing or would experience an imminent serious physical injury. Rather, Anderson complains about the criminal proceedings concerning his conviction and sentence; no physical injury is associated with his allegations, much less one that is imminent.

Anderson filed his § 1983 complaint on March 30, 2021.[3] (Doc. 1 at 4, PageID.4). In it, he names as Defendants Mobile County District and Circuit Court[s], the Mobile County District Attorney's Office, the Alabama Criminal Appeals and Supreme Court[s], the [Court] for the Southern District of Alabama, the Alabama Ethics Commission, and the Alabama Bar Association. (Doc. 7 at 8, 11, PageID.12, 15). According to Anderson, his claims against Defendants began on

---

[3] *Washington v. U.S.,* 243 F.3d 1299, 1301 (11th Cir. 2001) ("Absent evidence to the contrary in the form of prison logs or other evidence, we will assume [plaintiff's] motion was delivered to authorities on the day he signed it.").

October 3, 1996, when he was arraigned even though he was not present. (*Id.*). On February 19, 1997, despite his counsel's motions for a continuance because counsel was not prepared and no witnesses had been subpoenaed, the trial proceeded. (*Id.*). On May 6, 1997, appellate counsel was appointed to file an appeal for ineffective assistance of trial counsel, which was never filed. (*Id.*). Even though Anderson was given an evidentiary hearing, his petition was denied. (*Id.* at 9, PageID.13). The Alabama Court of Criminals Appeals affirmed the decision and denied his request for a rehearing. (*Id.*). Anderson then filed with the Alabama Supreme Court (which apparently was unsuccessful), because subsequently he filed a § 2254 petition with the United States District Court for the Southern District of Alabama (which according to the Court's records was denied, *Anderson v. Jones*, 00-0207-RV-S (S.D. Ala. Feb. 7, 2003) (denying Anderson's murder conviction's habeas petition)).[4]

In 2010, Anderson filed a Rule 32 petition, which was apparently denied after a hearing. (*Id.*). Afterwards, Anderson filed an unsuccessful complaint with the Ethics Commission against the Rule 32 judge because the judge knew that trial counsel committed perjury. (*Id.*). Then, in 2021, Anderson filed a complaint with Alabama Bar Association about trial counsel perjuring himself at the Rule 32 hearing, but nothing was done about the perjury. (*Id.*). In 2019, Anderson filed

---

[4] The Court takes judicial notice of its records. *Nguyen v. U. S.*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009). The Court also observes that Anderson filed a successive habeas petition challenging his murder conviction, *Anderson v. Thomas,* CA 13-0363-CG-N (S.D. Ala. Aug. 8, 2013), that was dismissed as being successive and, alternatively, as being time-barred.

another Rule 32 petition, in which he asked the Mobile District and Circuit Courts for his revocation hearing transcript from December 4, 1995, which was denied. (*Id.* at 10, PageID.14).

In the present action, Anderson states that he is seeking documents and information pertaining to his conviction and sentence that is of public record, and should be made available to him, so he may file a RICO action based on the ongoing conspiracy among state agencies against his attempt, as an African-American, to obtain his freedom. (*Id.*).

Section 1915(g) requires that Anderson be in imminent danger of serious physical injury when he filed his complaint. 28 U.S.C. § 1915(g). Anderson filed his complaint on March 30, 2021. (Doc. 1, PageID.10). When the complaint form asked Anderson about the date when the complained of action occurred, he stated "N/A." (Doc. 7 at 4, PageID.8). And his original complaint also did not provide that information.  (A copy of the self-styled original complaint was attached to this Court's complaint form for Anderson's Court-ordered amended complaint.)  Thus, Anderson has not shown that he was under imminent danger at the time of filing. Nor has Anderson identified a danger that posed serious physical injury to him. Rather, his overarching concern is in obtaining documents and information so he may challenge the criminal process used to obtain his murder conviction and to deny him subsequent relief in order to gain his freedom.

The burden, however, is on Anderson to show that at the time he filed the complaint that he was under imminent danger of serious physical injury. 28 U.S.C.

§ 1915(g); *Medberry,* 185 F.3d at 1193.  Anderson's many allegations concerning the criminal process used against him do not show that he was under imminent danger of serious physical injury at the time of filing.  Consequently, the Court finds that Anderson's allegations do not describe a serious physical injury, much less an injury that is imminent.  Accordingly, the Court finds that Anderson did not meet his burden of showing that he was in imminent danger of serious physical injury when he filed his complaint.

### III. <u>Conclusion</u>.

Because Anderson cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $402 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  *Dupree,* 284 F.3d at 1236 (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.) (holding that the filing fee must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied,* 535 U.S. 976 (2002).[5]

---

[5] The Court is foregoing a discussion on whether this action is additionally subject to dismissal as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for Anderson's misrepresentation of his prior litigation history, (Doc. 7 at 3, PageID.7), because he is already subject to 28 U.S.C. § 1915(g).  *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting as a strike under 28 U.S.C. § 1915(g) an action that was dismissed for an abuse of legal process because the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007),

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 8th day of September, 2021.

s/ *Katherine P. Nelson*
**UNITED STATES MAGISTRATE JUDGE**
